IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM GLEN RICKARD,                                    CV 03-1290-MA

        Petitioner,                                OPINION AND ORDER

   v.

JAMES BARTLETT,

        Respondent.

   FRANCESCA FRECCERO
   Assistant Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, OR  97204

       Attorney for Petitioner

   HARDY MEYERS
   Attorney General
   YOULEE YIM YOU
   Senior Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, OR  97301-6313

       Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) is denied.

## BACKGROUND

Following a jury trial, on October 1, 1996, petitioner was convicted of Attempted Rape in the First Degree, Sodomy in the First Degree, Sexual Abuse in the First Degree (two counts), Delivery of a Controlled Substance to a Minor, Attempted Rape in the Second Degree (two counts), and Sodomy in the Second Degree. The victim was the eleven-year-old sister of petitioner's wife. He was sentenced to 240 months imprisonment. Resp. Exhibit 101.

Petitioner directly appealed his convictions to the Oregon Court of Appeals, which denied his appeal without opinion on November 29, 1999. State v. Richard, 164 Or. App. 317, 991 P.2d 582 (1999). The Oregon Supreme Court denied his petition for review on May 9, 2000. Resp. Exhibit 106.

Petitioner filed for post-conviction relief on July 29, 2000, and formally on November 2, 2000. On August 1, 2001, the post-conviction court denied relief. The Oregon Court of Appeals then denied petitioner's post-conviction appeal on February 12, 2003. Rickard v. Morrow, 186 Or. App. 372, 64 P.3d 584 (2003); Resp. Exhibit 124. Finally, the Oregon Supreme Court denied

2 - OPINION AND ORDER

review on May 20, 2003. Rickard v. Morrow, 335 Or. 422, 69 P.3d 1232 (2003); Resp. Exhibit 123.

On September 18, 2003, petitioner filed for habeas corpus relief with this court. In this proceeding, petitioner raises seven grounds for relief alleging violation of his federal and state due process rights, violation of his federal right to be free from double jeopardy, and violation of his federal right to effective assistance of counsel. Additionally, petitioner raises state law claims under ORS 136.460(2), and Article I, Section 10 of the Oregon Constitution.

Respondent moves this court to deny relief as to petitioner's grounds for relief 1 through 4, and 6 and 7, on the basis they are procedurally barred. I agree. I further find petitioner's grounds for relief 5 and 8, though not procedurally barred, do not merit relief.

## DISCUSSION

I. **Procedural Default**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). A petitioner must seek discretionary review in the state's highest court in order to fully exhaust his state remedies. O'Sullivan v. Boerekel, 526 U.S. 838 (1999).

To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Casey v. Moore</u>, 386 F.3d 896, 911 (9th Cir. 2004). A "fair" presentation requires that the prisoner adequately alert the state courts to the federal nature of the claim. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995). This may be accomplished by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal." <u>Baldwin</u>, 541 U.S. at 32.

If a state prisoner fairly presents his federal claims, this court nevertheless may not review them if the state court denied relief based upon an independent and adequate state rule, absent a showing of cause and prejudice or that failure to consider the federal claim will result in a miscarriage of justice. <u>Casey</u>, 386 F.3d at 921, n.27; <u>Carter v. Giubino</u>, 385 F.3d 1194, 1197 (9th Cir. 2004), <u>cert. denied</u>, 125 S.Ct. 1406 (2005).

### A. Grounds One, Two, and Three

In ground one, petitioner alleges his Fourteenth Amendment right to due process was violated because he was denied a fair and impartial trial before a neutral judge. Petitioner raised this claim for the first time in his post-conviction petition. The post-conviction court denied the claim on the basis that it should have been raised on direct appeal. Accordingly, this

4 - OPINION AND ORDER

claim is procedurally defaulted based upon an independent and adequate state procedural rule.

In ground two, petitioner alleges his Fourteenth Amendment right to due process and to be free from double jeopardy was violated "when conviction was obtained on counts 1, 2, 8, and 9 of the charging instrument." Petitioner did not present this claim on direct appeal, though it asserts trial court error. The time for seeking state review has expired. Therefore, this claim is procedurally defaulted.

In ground three, petitioner alleges his Fourteenth Amendment right to due process was violated when he was convicted of count 10 of "sexual abuse in the first degree" because he was originally charged with "rape in the first degree." Petitioner relies on ORS 136.460(2), which provides that a jury must first consider the charged offense, and find the defendant not guilty of that offense, before it may consider a lesser-included offense. Ostensibly petitioner believes the procedures in ORS 136.460(2) were not properly followed. This ground for relief is procedurally barred due to petitioner's failure to raise it on direct appeal.

    B.    **Ground Four**

In ground four, petitioner asserts that he was denied his Sixth Amendment right to confront the witnesses against him, and his Fourteenth Amendment right to a fair trial when the trial

court prevented him from impeaching the victim with evidence of prior false accusations of sexual abuse.

Respondent correctly argues that this ground for relief was not "fairly presented" in petitioner's petition for review to the Oregon Supreme Court on direct appeal. Although petitioner cited the Sixth Amendment in his petition for review, it was cited in the table of contents only, and in relation to his claim that his measure 11 sentence constituted a denial of the right to counsel. Resp. Exhibit 105 at ii, 9. Petitioner did not argue that his right to confrontation was violated, as he did in his direct appeal to the Oregon Court of Appeals. Petitioner's citation to the Sixth Amendment, without any accompanying argument concerning his right to confront witnesses, was inadequate to alert the court to the allegations lodged in ground four of petitioner's habeas corpus petition. See Duncan, 513 U.S. at 365-66. Accordingly, petitioner's fourth ground for relief is procedurally defaulted.

### C. Grounds Six and Seven

In grounds six and seven, petitioner argues he was denied adequate assistance of appellate counsel, and adequate legal assistance through the prison legal library and its representatives, resulting in a violation of his right to due process and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments. These grounds for relief were

not raised in petitioner's post-conviction proceeding, consequently the grounds are procedurally defaulted.

In sum, grounds for relief one through four, and six and seven, are procedurally defaulted and petitioner is barred from raising them in federal court unless he can demonstrate both (1) "cause" for failing to properly present the claim in state court; and (2) "actual prejudice" resulting from such failure. Edwards, 529 U.S. at 451. Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Id.; see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner argues that his procedural default should be excused because it was caused by errors on the part of post-conviction and appellate counsel. Petitioner's argument is contrary to the ruling in Coleman, wherein the Supreme Court concluded that only in proceedings in which the petitioner has a Sixth Amendment right to counsel will attorney ignorance or inadvertence constitute cause sufficient to excuse a procedural default. 501 U.S. at 753-54.

Petitioner argues that his procedural default should be excused because it was caused by ineffective assistance of appellate and post-conviction counsel. Petitioner does not dispute that there is no constitutional right to counsel in state post-conviction proceedings. See Coleman, 501 U.S. at 750 ("There is no constitutional right to effective assistance of

post-conviction counsel."). Rather, petitioner argues that the holding in Coleman is inapposite because his post-conviction counsel refused to raise the issue of appellate counsel's ineffectiveness during post-conviction proceedings. Petitioner asserts that appellate and post-conviction counsel were "so dismissive of petitioner's concerns that they were not truly acting as his agents when they failed to raise the issues that petitioner sought to have raised by the Oregon courts."

The Fifth Circuit rejected a similar argument, concluding that it is merely a claim of "poor representation cloaked in the mantle of no representation":

> [W]hile attempting to sidestep *Coleman* by arguing that his attorneys never represented him *at all*, [his claim] actually falls squarely within that holding. His argument is simply that his attorneys failed to act or otherwise inadvertently allowed deadlines to pass, contentions that are merely ones of poor representation cloaked in the mantle of no representation. [Petitioner] demonstrates no external impediment-necessary to show "cause"-that prevented his counsel from constructing or raising his claims.
>
> . . . . .
>
> The crucial, and in this case fatal, distinction for [petitioner] is that the attorney errors to which he adverts occurred at the post-conviction stage. Because [petitioner] had no right to counsel in his state collateral proceeding, insofar as his claim is for ineffective assistance, it must also fail because there can be no independent constitutional violation.

Fairman v. Anderson, 188 F.3d 635, 643, reh'g & reh'g *en banc* denied 200 F.3d 813 (5th Cir. 1999); see also See Thomas v. Cook, CV-02-1260-KI (adopting the rule in Fairman).

I agree with the Fifth Circuit's reasoning.[1] Accordingly, I conclude that petitioner has not identified, nor asserted that an external factor impeded his ability to raise a claim of ineffective assistance of counsel in his post-conviction proceedings. Nor has petitioner demonstrated that he was prejudiced as a result of trial counsel's failure to properly present this claim in state court. Finally, petitioner has made no showing of "actual innocence" to support a claim that a fundamental miscarriage of justice will result if the court fails to address petitioner's claims. See Schlup v. Delo, 513 U.S. 298, 329 (1995). Accordingly, federal habeas review of these grounds for relief is precluded.

## II. Merits

### A. Ground Five

In ground five, petitioner asserts that he was denied his right to due process of law under the Fifth and Fourteenth

---

[1] In Manning v. Foster, 224 F.3d 1129, 1135 (9th Cir. 2000), the Ninth Circuit concluded that an attorney's omission, committed by an attorney *acting under a conflict of interest*, may constitute cause to excuse a procedural default even in the absence of a Sixth Amendment violation. In the instant proceeding, however, there is no argument or evidence that petitioner's counsel acted under a conflict of interest.

Amendments, and his right to effective assistance of counsel under the Sixth Amendment, because his attorney failed to move to have the trial judge recuse himself from petitioner's case even though the trial judge was not neutral.

Shortly after the prosecutor made his opening statement at petitioner's first trial, a juror advised the court that she knew the victim. The presiding judge, George W. Neilson, summoned counsel for both sides and then questioned the juror about her knowledge of the victim. The juror disclosed that the victim had been to her home three of four times and that she remembered her being a nice girl. The juror also indicated that she would not permit her own daughter to visit the victim's house. Judge Neilson responded to the juror's comment by stating "something akin to..., in hind sight, that's probably a good decision." Tr. 59-60.

According to the judge, as quickly as he made this comment he realized it could be construed negatively toward the petitioner, though he explained to counsel that he only meant it as a general comment about "parenting skills." Tr. 60. Judge Neilson instructed the juror not to discuss her knowledge of the victim with the other jurors. Id. The following day, the juror confirmed that she had not disclosed this matter to others. Id. Judge Neilson asked the juror, "Was there anything that the Court said last night that led you to any conclusion that the Court had

10 - OPINION AND ORDER

formed any opinion about the case?" Tr. 60-61. The juror replied, "Absolutely not," or "not at all." Tr. 61.

Nevertheless, upon motion by the defense, the judge granted a mistrial and a new jury was empaneled. Petitioner did not move to have Judge Neilson recuse himself. However, in his state post-conviction proceeding, petitioner claimed his trial lawyer was ineffective because he failed to force the trial judge to recuse himself. Resp. Exhibit 108 at 3. Petitioner indicated that he believed Judge Neilson was biased against him because of the way he handled the above described conflict with the juror, and because Judge Neilson previously presided over a criminal proceeding involving the petitioner, as well as petitioner's child custody dispute.

Petitioner testified that he asked his trial attorney to move for recusal, but his attorney refused. However, according to petitioner's trial attorney, petitioner did not make this request. In a post-conviction affidavit petitioner's trial attorney states, in part:

> At no time did Mr. Rickard indicate that he believed that he could not receive a fair and impartial trial from presiding Circuit Court Judge George W. Neilson.

Resp. Exhibit 113 at 2. The post-conviction court found "no basis for counsel to move for the disqualification/recusal of the judge." Resp. Exhibit 118 at 3-4.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). In evaluating proof of prejudice, this court "must consider the totality of the evidence" before the jury. Strickland, 466 U.S. at 696. A court may properly address the prejudice prong first, without considering whether counsel's conduct was deficient. Villafuerte v. Stewart, 111 F. 3d 616, 630 (9th Cir. 1997), cert. denied, 522 U.S. 1079 (1998).

Petitioner has not shown a reasonable probability that, had counsel moved to recuse the trial judge, the results of the proceeding would have been different. Indeed, petitioner concedes he is unable to point to any specific evidence of bias, but argues only that he "remained uneasy throughout the trial that the trial judge was biased against him." In the absence of any evidence of prejudice, petitioner cannot demonstrate that the state courts' rejection of this ground for relief was either contrary to, or an unreasonable application of, clearly established federal law. Accordingly, this claim is denied.

### B. Ground Eight

In ground eight, petitioner contends his rights to due process and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments were violated due to post-conviction counsel's refusal to raise issues presented in grounds 2, 3, and 6, above. As petitioner himself recognizes, habeas petitioners have no constitutional right to assistance of counsel in state post-conviction proceedings. Coleman, 501 U.S. at 753. Therefore, this ground for relief is denied.

### CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) is denied.

IT IS SO ORDERED.

DATED this 5th day of May, 2005.

           /s/ Malcolm F. Marsh
           Malcolm F. Marsh
           United States District Court Judge